**WHITFIELD TRANSPORTATION, INC., a corporation, Plaintiff,**

and

**Navajo Freight Lines, Inc., and Santa Fe Trail Transportation Company, Intervening Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

and

**Albuquerque-Phoenix Express, Inc., Intervening Defendant,**

**Regular Common Carrier Conference of American Trucking Associations, Inc., Amicus Curiae.**

Civ. No. 5637.

United States District Court
D. New Mexico.

April 12, 1965.

O. Russell Jones and J. E. Gallegos, Santa Fe, N. M., for plaintiff and plaintiffs in intervention.

John Quinn, U. S. Atty., Albuquerque, N. M., William H. Orrick, Jr., Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Robert W. Ginnane, Gen. Counsel, Clarence William Vandegrift, Atty., Interstate Commerce Commission, Washington, D. C., for defendants.

Grantham, Spann & Sanchez, Albuquerque, N. M., for intervenor, Albuquerque Phoenix Express.

Rhodes, Simms, Palmes & Sullivan, Washington, D. C., Roland Rice, Washington, D. C., for the Regular Common Carrier Conference of American Trucking Associations, Inc., amicus curiae.

Before SETH, Circuit Judge, PAYNE, Chief Judge, and BRATTON, District Judge.

PER CURIAM.

### Findings of Fact

1. This is an action to suspend, enjoin and set aside portions of orders of the defendant, Interstate Commerce Commission (Commission) issued by it in

No. MC-110264 (Sub-No. 17) (Albuquerque-Phoenix Express, Inc., Extension-White Sands; the specific orders are the Report of the Commission by Division 1, served on January 23, 1961, and the order denying plaintiff's petition for reconsideration, served on July 17, 1961.

2. The plaintiff participated as a protestant in the Commission proceeding. Its attack here upon the orders was only insofar as they supported or granted authorization of rights on the part of Albuquerque - Phoenix Express, Inc. (APEX), to serve any points other than White Sands Missile Range, New Mexico (White Sands).

3. The original application in the Commission proceeding was filed by APEX on September 14, 1959, and requested an operation from Socorro, New Mexico, over U. S. Highway No. 85 to San Antonio, New Mexico; thence over U. S. Highway No. 380 to Carrizozo, New Mexico; thence over U. S. Highway No. 54 to Alamogordo, New Mexico; thence over U. S. Highway No. 70 to Las Cruces, New Mexico; thence over U. S. Highway No. 85 to Socorro, New Mexico, and return over both routes, serving all intermediate points, except between Las Cruces, New Mexico, and San Antonio, New Mexico, and serving the off-route points of White Sands and Holloman Air Force Base, New Mexico.

4. The application was subsequently amended by APEX so as to eliminate the request to serve Holloman Air Force Base or any intermediate points on the involved highways, including among others Las Cruces, New Mexico, and so as to seek only to serve White Sands via the designated highways.

5. A hearing was held on the application as amended by Joint Board No. 87 on February 4, 1960. The only evidence of public need consisted of a transcript of testimony of a representative from the Department of Defense assigned to White Sands. The witness' original testimony had been previously presented at the hearing on the applications of the plaintiff in No. MC-108461 (Sub-No. 81), and of the intervening plaintiff, Navajo Freight Lines, Inc. (NAVAJO) in No. MC-76032 (Sub-No. 141) to serve White Sands.

6. The evidence presented related solely to movements of freight originating at or destined to White Sands and need for service on that military reservation.

7. The Joint Board recommended the APEX application be denied. The Commission, acting through Division 1, however, did not adopt the recommendation and held that a need for service was shown for White Sands and the APEX application was entitled to consideration on that basis alone and that nothing more was sought by it. It further found that no need was shown for service to points other than White Sands and its grant of authority should be so limited.

8. The Commission's ultimate findings at the conclusion of the Division 1 Report granted APEX authority to serve points on the involved highways other than White Sands. The plaintiff and the intervening plaintiff, NAVAJO, jointly petitioned the Commission to reconsider its decision in that regard but by its order served July 17, 1961, the petition was denied. Thereafter, the Commission issued a Certificate of Public Convenience and Necessity, served August 25, 1961, which narrated the authority granted in accord with the ultimate finding of the Division 1 Report and Order.

9. It was not until April 20, 1964, that APEX began service under the questioned orders to points other than White Sands in a volume and with a regularity of any consequence. At that time it began serving Las Cruces, New Mexico, direct and also began performing an interchange at that point whereby it handled freight moving through the El Paso, Texas, gateway destined for Albuquerque, New Mexico.

10. Plaintiff filed this action on May 4, 1964, contending that the evidence of record and the Commission's own findings were contrary to and would not sup-

port the questioned orders, as to service by APEX other than at White Sands.

11. The operations of APEX were resulting in a loss of revenue and of established customer relations to plaintiff for which plaintiff had no adequate remedy at law and plaintiff was suffering irreparable damage. Therefore this court enjoined and suspended the certificate of the Commission served August 25, 1961, pending the outcome of this cause.

12. The court has jurisdiction of the parties and the cause of action.

### Conclusions of Law

1. This court was convened in accordance with 28 U.S.C.A. § 2284 and has jurisdiction of the parties and of the subject matter pursuant to 28 U.S.C.A. § 1336 and 28 U.S.C.A. §§ 2321 through 2325.

2. 49 U.S.C.A. § 312(a) is a limitation on the power of the Commission. It constitutes no obstacle to this court and the statutory process of judicial review. The administrative act of issuing a certificate does not preclude the court from inquiring into whether the administrative act is lawfully done.

3. The two Commission orders involved in this case are clearly reviewable by the court. The issuance of the certificate rests on those orders and when they are set aside, it no longer has a valid basis and would necessarily be nullified.

4. The questioned orders insofar as each of them allow or support the allowance of service by APEX to any point other than White Sands should be suspended and set aside for the reason that they exceed the scope of the application, are not supported by the evidence of record, and are unsupported by and contrary to the Commission's evidentiary findings.

5. The final order of the court should issue accordingly and the matter be remanded to the Commission for appropriate action.