GARRETT FREIGHTLINES, INC., Milne Truck Lines, Inc., Ringsby Truck Lines, Inc., Ringsby-Pacific, Ltd., and Pacific Intermountain Express Co., Plaintiffs,

v.

UNITED STATES of America and Interstate Commerce Commission, Defendants,

and

V. J. Hunt, d/b/a Vegas Trucking and Moving Co., Intervening Defendant.

Civ. No. 1–69–34.

United States District Court

D. Idaho, S. D.

Nov. 12, 1969.

Maurice H. Greene, Moffatt, Thomas, Barrett & Blanton, Richard C. Fields, Boise, Idaho, for plaintiffs.

Jay F. Bates, Asst. U. S. Atty., Boise, Idaho, for defendants.

Jerome E. Sharfman, Interstate Commerce Commission, Washington, D. C., for United States of America and Interstate Commerce Commission.

Raymond D. Givens, Boise, Idaho, William J. Lippman, Galland, Kharasch, Cal-

kins & Lippman, Washington, D. C., for intervening defendant.

Before JERTBERG, Circuit Judge, and TAYLOR and McNICHOLS, District Judges.

## MEMORANDUM OPINION

FRED M. TAYLOR, District Judge:

This action was brought by plaintiffs, five major trucking lines, to set aside an order of the Interstate Commerce Commission, No. MC–113981 Sub. No. 7, which granted to the intervening defendant V. J. Hunt, doing business as Vegas Trucking and Moving Company, a certificate of public convenience and necessity authorizing Hunt to operate as a regular route common carrier of general commodities by motor vehicle over a new highway between Tecopa, California, and a point on Nevada Highway 538 some 15 miles southeast of Pahrump, in western Nevada.

Jurisdiction of this court over the parties and subject matter is conferred by Title 49 U.S.C.A. § 17(9) and Title 28 U.S.C.A. § 1398(a). The cause was heard by this three-judge court convened pursuant to Title 28 U.S.C.A. §§ 2284 and 2321–2325.

The intervening defendant, Hunt, is the operator of a small trucking company operating out of Las Vegas, Nevada. Prior to his application for the authority in question here, Hunt possessed authority to operate as a common carrier of general commodities by motor vehicle between Las Vegas, Nevada, and Bakersfield, California, under two separate certificates of public convenience and necessity, MC–113981 Sub. No. 2 and MC–113981 Sub. No. 4. These certificates preclude interlining activities by the applicant with other carriers at any point in California. The authority granted in MC–113981 Sub. No. 2 includes authority to serve off-route points within ten miles of Shoshone, California, which embraces the town of Tecopa. Thus, prior to the grant of the authority challenged here, the applicant Hunt had authority to serve the town of Tecopa, but could not interline with other carriers at that or any other point in California.

On June 14, 1966, Hunt filed an application with the Interstate Commerce Commission for authority to transport general commodities by motor vehicle over a regular route between Nevada Highway 538 and Tecopa, California, as follows:

"From junction Nevada Highway 538 and unnumbered county road approximately 15 miles southeast of Pahrump, over unnumbered county road to the California-Nevada state line, thence over unnumbered Inyo County, California county road to Tecopa and return over the same route, serving the off-route points of Hidden Hills Ranch and the Spring Valley Ranches and all intermediate points."

Notice of the application was duly published, and the application was heard before an Examiner on March 23, 1967. The application was protested by the plaintiffs and by Wells Cargo, Inc., another trucking firm not represented in these proceedings. Evidence in support of the application was presented by the applicant Hunt, and by the testimony of one supporting shipper, a developer of land in the area of the Hidden Hills Ranch and the Spring Valley Ranches. On May 22, 1967, the Examiner issued his report and order recommending a grant of the authority sought, with recommended changes which are not here material. Exceptions to the recommended report and order were filed by the protestants, to which the applicant replied. The Interstate Commerce Commission, by its Review Board No. 2, entered its decision and order adopting the findings and conclusions of the Examiner, and granted the application as recommended. Thereafter, the plaintiffs filed a petition for reconsideration and for a further hearing on the grounds that additional evidence had been obtained which was material to the issues determined. On February 14, 1968, Division 1 of the Interstate Commerce Commission denied the petition on the ground that no proper cause was shown for reopening the pro-

ceedings and that it was not shown that the evidence to be adduced would cause a different result. This action followed, seeking to set aside the decision and order of Review Board No. 2 granting the application, and the order of Division 1 denying the plaintiffs' petition for reconsideration and for rehearing.

It may be noted that under the unrestricted authority given by the Commission, the applicant may now interline at Tecopa with other carriers if such carriers are available. It is this potential interlining which represents the primary objection of the plaintiffs to the authority granted. Plaintiffs concede that there is no objection on their part to the applicant's serving the ranches, but they oppose the unrestricted grant of authority to serve the entire route and contend that there was insufficient evidence to support the authority granted. The defendants and the intervening defendant contend that there was sufficient evidence to support the grant of authority over the route designated, and that the right to interline should follow as a matter of course to a valid authority, unless the protesting parties, upon whom the burden rests, show that they will be substantially and materially affected in their own operations by such unrestricted grant. The defendants further contend that the plaintiff truck lines have failed to show that they will be or have been so materially and adversely affected, and that accordingly the authority to interline follows as a matter of course as a valid incident to the authority granted.

It is well established that the Interstate Commerce Commission had broad discretionary power in the determination of whether the public convenience and necessity will be fulfilled by the granting or denial of an application for a certificate. United States v. Detroit & Cleveland Navigation Co., 326 U.S. 236, 66 S.Ct. 75, 90 L.Ed. 38 (1945); Curtis, Inc. v. United States, 225 F.Supp. 894 (D.C. Colo. 1964). The courts may not substitute their own findings for those of the Commission, nor inquire into the wisdom, judgment or expediency of the Commission's conclusions and order, insofar as they relate to a determination of the public interest. United States v. Southern Railway Co., 364 F.2d 86 (5th Cir. 1966); Black Ball Freight Service v. United States, 223 F.Supp. 191 (D.C. Idaho 1963). Judicial deference to the expertise and discretionary powers of the Commission is, however, not without some limitation. The decision and order of the Commission must be within the statutory powers of the Commission, and must be supported by substantial evidence. Thus, the function of the reviewing court is to examine the record as a whole, including the consideration of conflicting or contradictory evidence and inferences therefrom, to determine whether the action taken is in excess of the statutory powers of the agency or whether it is unsupported by substantial evidence. Substantial evidence need not necessarily be a preponderance of evidence. It is sufficient if it is that degree of evidence which would justify, if the trial were to a jury, the refusal to direct a verdict when the conclusion sought to be drawn is one of fact for a jury. Consolo v. Federal Maritime Commission, 383 U.S. 607, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966); Illinois Central R. Co. v. Norfolk & W. Ry. Co., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Interstate Commerce Commission v. J-T Transport Co., 368 U.S. 81, 82 S.Ct. 204, 7 L.Ed.2d 147 (1961); Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

With the foregoing principles as guidelines we turn now to the record to determine whether the evidence in support of the Commission's order is sufficient to justify that order. In the proceedings before the Examiner, the applicant testified as to his financial responsibility and to his ability to provide service over the route for which authority was sought. He further testified that land development activities in the areas of the Hidden Hills Ranch and the Spring Valley Ranches had created a need for improved transportation services.

The supporting shipper appearing in favor of the application testified at some length regarding the present and proposed development in the areas of the ranches sought to be served as off-route points. It is not necessary to review the testimony in detail. It is sufficient to note that the uncontested substance of that testimony is that in this area, some 15,000 acres of land owned by the supporting shipper and others are currently being improved by roads, wells, electrical power, one airfield in existence, and another airfield under construction. Portions of the land have been subdivided into acreages, some of which have been sold to other private owners.

Future development, as contemplated by the supporting shipper and by a local water district in the area, includes plans for extended well drilling, extension of power and water lines, building of homes, cultivation and irrigation of land for farming purposes, and construction of a motel and service station. The supporting shipper testified as to his own needs for building materials and other materials generally related to the construction of power lines, water systems, and roads, and to his needs for materials related to farming operations. He estimated that he would require shipments approximately five times per week from Las Vegas, as well as further shipments from California and Oregon. He further testified that there was a need for a reliable general freight service in the area, and that the applicant's proposed service was essential to the development of the area, and would be sufficient to meet the requirements of the area.

While the evidence may be sufficient to show a need for the authority requested insofar as the off-route points of Hidden Hills Ranch and Spring Valley Ranches are concerned, the record is absolutely devoid of evidence showing any public need other than at those points. The testimony of the applicant and the supporting witness is indicative of the fact that the authority to serve those points was all that was needed or desired under the instant application. The applicant testified that his sole purpose in seeking the authority was to serve the two ranches in question:

"Q. Is the sole objective then of this application to obtain an alternative route between Tecopa and your presently authorized route between Las Vegas and Pahrump?

"A. No, the sole purpose of this application is to serve Hidden Hills Ranch and Spring Valley Ranches."

Similarly, the supporting shipper testified that his only interest was in motor vehicle service to those ranches where he was conducting his development activities:

"Q. I take it that insofar as your needs are concerned if the applicant company served the Hidden Valley Ranch and the California property called the Spring Valley Ranch this would be what you would want him to do?

"A. I would like to have that read.
"Exam. Shoup: Please read the question, Miss Reporter.
(Question read.)

"A. (Continuing) Yes.
"Mr. Loughran: That is all.
"The Witness: I have no interest other than serving those two places."

Nowhere in the record is there testimony or other evidence supporting the grant of authority beyond the service of the two off-route ranches mentioned in the record. There is no showing of necessity to serve other points on the route, and particularly, there is no evidence of need for additional service at Tecopa.

■■ It is well settled that the burden is on the applicant to show by substantial evidence that the proposed service is or will be required by the present or future public convenience and necessity. Watkins Motor Lines, Inc. v. United States, 243 F.Supp. 436 (D.C.Neb. 1965); Colorado-Arizona-California Express, Inc. v. United States, 224 F.Supp.

894 (D.C. Colo. 1963). We are of the opinion that the applicant has failed to meet his burden. All the evidence in support of the application relates to the ranch areas off the proposed route. Nor is the need as shown sufficiently general in nature to support by inference the existence of similar needs at other points in the locality. See, e. g., Atlanta-New Orleans Motor Freight Co. v. United States, 197 F.Supp. 364 (D.C. Ga. 1961).

The case of Whitfield Transportation, Inc. v. United States, 254 F.Supp. 852 (D.C. N.M. 1965), is instructive in the resolution of the present proceedings. There, the applicant had filed his amended application for authority to operate over designated routes in New Mexico, seeking to serve only White Sands Missile Range. The evidence presented was in many ways similar to that now before this court, in that it consisted of a transcript of testimony of a representative of the Department of Defense assigned to White Sands, and was the sole supporting testimony in favor of the application. The testimony presented, similar to the testimony here, related solely to movements of freight originating at or destined to White Sands, and to the need for service on that military reservation. The court there held that the order of the Commission granting the applicant unrestricted authority to serve other points on the route was unsupported by the evidence and contrary to the Commission's evidentiary findings, and accordingly, that the order of the Commission should be set aside.

Here, the Commission's findings as set forth in the report and order of the Examiner and adopted by the Commission in its Order No. MC–113981 (Sub. No. 7) found that the public convenience and necessity required operation by the applicant as a common carrier over the whole of the route as set forth in the application. The court concludes that the evidence of record does not support the Commission's findings as a matter of law. The evidence adduced, supporting as it does only the need for service to the off-route ranches, is not substantial evidence to justify the authority granted, i. e., to serve the entire route without restriction.

In view of the conclusion reached, we do not believe it is necessary to consider the plaintiffs' further assignments of error relating to the petition for reconsideration and rehearing. Nor do we deem it necessary to consider the arguments of the defendants and the applicant regarding the matter of interlining.

We conclude that the order of the Interstate Commerce Commission, No. MC–113981 (Sub. No. 7), should be set aside and vacated.

Counsel for plaintiffs shall prepare a proposed judgment, serve a copy of the same on each of the defendants and submit the original to the court.